IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: |
| v. | ) | 25-cv-357 |
| | ) | JURY DEMAND |
| | ) | |
| AUSTAL USA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Comes now Plaintiff, Terry Anderson, by and through his attorneys of record, and for his Complaint against Defendant, Austal USA, LLC, states the following:

## PRELIMINARY STATEMENT

1. Plaintiff, is an employee of Defendant, bringing this action to secure the protection of and to redress the deprivations of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981 and 42 U.S.C. §1981a, which provide for relief against race discrimination and retaliation in employment. Plaintiff seeks injunctive relief, equitable relief, compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. §1981a.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §20000e, *et seq.*, as amended by the Civil Rights Act of 1991, ("Title VII"), 42 U.S.C. §1981 and 42 U.S.C. §1981a.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 28 U.S.C. §§2201 and 2202.

4. This action is brought within the State where the unlawful employment practice was committed, making venue proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b). A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendant within Mobile County, and the parties reside in this District. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

5. Plaintiff has fulfilled all conditions precedent to the institution of this action under 28 U.S.C. §§1331 and 1343(4), and the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff timely filed his charge of race discrimination and retaliation with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of occurrence of the last discriminatory act. Plaintiff has filed his race discrimination and retaliation case within four (4) years of the discriminatory/retaliatory treatment

and within ninety (90) days of the receipt of his Determination and Notice of Rights from the EEOC dated May 30, 2025.

6. Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. §1981a.

**PARTIES**

7. Plaintiff, Terry Anderson (hereinafter "Anderson" or "Plaintiff") is an African-American male citizen of the United States and a resident of Semmes, Mobile County Alabama. At all relevant times to this action, Plaintiff has been employed by the Defendant at its Mobile, Alabama location.

8. Defendant, Austal USA, LLC (hereinafter "Austal" or "Defendant") is an employer pursuant to 42 U.S.C. §12111(5) and is doing business in the State of Alabama. Upon information and belief, Defendant employed over 500 employees all times relevant to this lawsuit and continues to employ over 500 employees.

9. At all relevant times, Plaintiff has been an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended.

**FACTUAL ALLEGATIONS**

10. Plaintiff was hired by Austal USA ("Austal") in January of 2019, as an Operation Support Specialist – Mobile Equipment Maintenance.

11. During all times of his employment, Plaintiff performed all of his job duties and responsibilities in a satisfactory manner in this position.

12. Plaintiff also previously worked for Austal as a Logistics Manager from February 2008 until February 2013. In this position, Plaintiff also performed all his job duties and responsibilities in a satisfactory manner. Plaintiff left this position on good terms with Austal to take a position with another employer in order to advance his career opportunities.

13. Throughout his professional career, Plaintiff has performed in management roles.

14. Plaintiff was in the United States Navy for eleven years and was honorably discharged in 1996.

15. Plaintiff has extensive managerial experience, including his previous employment with Austal as the Logistics Manager. Plaintiff has over 35 years of managerial experience.

16. After returning to employment with Austal in January 2019, Plaintiff has continually sought advancement opportunities to a management position due to his experience and qualifications.

17. Since returning to employment in January 2019, Plaintiff has been passed over for promotions on several occasions for positions that were given to Caucasian employees whom Plaintiff believes were not as qualified as he was and/or were unqualified for the positions.

18. Throughout his career at Austal, Plaintiff has observed other African-American employees being passed over for promotions to managerial positions that were given to unqualified or less qualified Caucasian employees.

19. During Plaintiff's employment, Austal has had very few African-American employees in managerial roles and upper managerial roles, and it currently does not have any African-Americans serving in senior managerial or director level roles.

20. Under the new President and Vice President of Human Resources, Austal has terminated all upper managers that are African-American.

21. Upon information and belief, Austal has a pattern and practice of discriminating and retaliating against African-Americans.

22. In July and/or August 2024, the Director of Site Services, Doug Boyce (African-American) announced that he was retiring.

23. At the time of Boyce announced his retirement, Plaintiff made known his interest in the position of Director of Site Services. Plaintiff applied for and interviewed for the position.

24. Drew Nelson (Caucasian) also applied for and interviewed for the position of Director of Site Services.

25. On information and belief, Plaintiff does not believe that Drew Nelson had as much managerial experience as he had, if he had any such experience.

26. Instead of filling the Director position, Austal offered both of candidates, Plaintiff and Nelson, the position of Site Services Manager to work as co-managers replacing Director Boyce.

27. Mike Bell, Sr. Vice President Infrastructure Services and Support, met with Drew Nelson and Plaintiff to inform them of their new positions as Co-Managers and that their managerial duties and responsibilities would be shared equally between the two (2) of them. However, Plaintiff would be directly managing and overseeing approximately 134 employees, of which approximately 96% were African-American, and Drew Nelson would be directly managing and overseeing approximately 41 employees, of which approximately 95% were Caucasian.

28. Drew Nelson and Plaintiff began performing their new job duties and responsibilities as Co-Managers of Site Services while they waited on the formal offer of promotion letters from Austal.

29. Drew Nelson received his formal offer of promotion letter for the position of Co-Manager Site Services and accepted it a few days before Plaintiff's offer letter was sent.

30. During the time Plaintiff was waiting for his formal offer of promotion letter, he continued to perform his new job duties and responsibilities as the Co-Manager Site Services.

31. On August 13, 2024, Plaintiff finally received his formal offer of promotion letter for the position of Manager Site Services. However, Plaintiff was only offered a salary of $85,000.00, which was approximately $40,000.00 less salary per year than his Caucasian Co-Manager, Drew Nelson, was given for the same Manager position. Austal told Plaintiff that his salary offer was non-negotiable.

32. Even though Plaintiff had more managerial experience and more employees under his direct supervision than Nelson, Plaintiff was offered substantial less salary than Nelson.

33. Plaintiff complained about the racial discrimination in the pay between Nelson and himself. Plaintiff also attempted to negotiate a higher comparable salary, but he was informed that the salary was non-negotiable.

34. Plaintiff complained about the racial pay discrimination between Nelson and himself all the way up the chain of command to the President, Michelle Kruger. Austal took no actions to correct this racial discrimination in pay towards Plaintiff.

35. Within a few days of Plaintiff complaining about the racial pay discrimination and being informed by Austal that the pay amount offered to him was non-negotiable, Austal offered and gave Plaintiff's position of Co-Manager Site Services to a Caucasian male, Donnie Barnett, at an increased amount of salary than was offered to Plaintiff. Barnett accepted the offer to the position of Manager Site

Services at a rate of salary that was approximately $20,000 or more per year than the salary that was offered to Plaintiff for the exact same job.

36. Upon information and belief, Plaintiff has more managerial experience and qualifications required for the position than Donnie Barnett, or he has as much experience and qualifications as Donnie Barnett had for the position.

37. After Donnie Barnett was offered and placed in the position of Manager Site Services, Plaintiff remained in his position of Operation Support Specialist – Mobile Equipment Maintenance and reported to Drew Nelson.

38. On information and belief, Plaintiff believes that the discrepancy in salary for said promotion to Manager Site Services offered to him was due to his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), and in violation of 42 U.S.C. §1981.

39. In addition, Plaintiff also believes that the refusal to negotiate a higher salary for him and the immediate awarding of the Manager Site Services position to Barnett after he complained about race discrimination in pay was done in retaliation for his complaints of discrimination, as well as for race discrimination against him. All of this conduct by Austal violated Title VII, and 42 U.S.C. §1981.

40. During the relevant times to this matter, Austal also was denying other African-American employees promotions to managerial positions, and also terminating African-American employees in managerial positions.

41. Upon information and belief, Austal has a history of discriminating against African-American employees and denying them promotions to managerial positions, as well as retaliating against African-American employees when they oppose discrimination.

**COUNT ONE**

**PROMOTION AND PAY DISCREPANY BECAUSE OF RACE PURSUANT TO TITLE VII AND 42 U.S.C. §1981**

42. Plaintiff adopts and re-alleges the factual allegations in paragraphs 1-41 above.

43. Austal has a history of failing to promote African-Americans into positions of higher management and also in other management positions.

44. Austal also has a history of paying Caucasian employees more for the same job duties and responsibilities than African-American employees.

45. Plaintiff was treated differently by Defendant in the terms and conditions of his employment because of his race.

46. Defendant’s actions of failing to promote Plaintiff to a managerial position, including, but not limited to the position of Director of Site Services, and

failing to provide him with the same salary as comparable Caucasian employees were because of his race.

47. Defendant's actions of failing to promote Plaintiff to the position of Manager of Site Services, of failing to negotiate Plaintiff's salary for said position of Site Services, and of failing to correct the discrimination in pay for said position after his complaints of race discrimination was due to his race.

48. As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional and mental distress, and other compensatory damages.

49. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

50. Defendant's actions were in violation of Title VII and 42 U.S.C. §1981.

51. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial by jury:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., as amended by the Civil Rights Act of 1991, and by 42 U.S.C. §1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981.

3. Enter an order requiring Defendant to make Plaintiff whole by awarding him instatement into all positions discriminatorily denied, back-pay plus interest, front-pay in lieu of instatement, compensatory and punitive damages and/or nominal damages, declaratory and injunctive relief, attorney's fees and expenses.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**COUNT TWO**

**RETALIATION FOR OPPOSING DISCRIMINATION PURSUANT TO TITLE VII AND 42 U.S.C. §1981**

52. Plaintiff adopts and re-alleges the factual allegations in paragraphs 1-41 above.

53. Plaintiff believes that the refusal to negotiate a higher salary for him and the immediate awarding of the Manager Site Services position to a Caucasian employee after he complained about race discrimination in pay was done in retaliation for his complaints of discrimination as well as for race discrimination against him.

54. Plaintiff was treated differently by Defendant in retaliation for his protective activity.

55. Plaintiff performed all his job duties and responsibilities in a satisfactory manner.

56. Plaintiff complained about race discrimination against him and Austal failed to take corrective actions to prevent said discrimination.

57. The retaliation against Plaintiff is ongoing and of a continuous nature.

58. As set out in detail above and in taking the above-described actions, Austal has intentionally retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, for Plaintiff engaging in protected activity under Title VII, exercising his federally protected rights under Title VII to oppose unlawful race discrimination under Title VII or what he in good faith and reasonably believed was unlawful race discrimination under Title VII, and/or exercising his federally protected rights under Title VII to oppose unlawful employment practices under Title VII or what he in good faith believed to

be unlawful employment practices under Title VII. Employees who have not opposed such discrimination have not been treated in a similar manner as Plaintiff. The actions of Austal were taken intentionally or with malice or reckless indifference to the federally protected rights of Plaintiff.

59. Defendant's actions were in violation of Title VII and 42 U.S.C. §1981.

60. As a proximate consequence of Defendant's actions and the violation of Title VII and 42 U.S.C. §1981, Plaintiff has suffered, and will continue to suffer, lost income and benefits, mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to his professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages.

61. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial by jury:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of

Plaintiff as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981.

3. Enter an order requiring Defendant to make Plaintiff whole by awarding him instatement to all positions discriminatorily denied, back-pay plus interest, front-pay in lieu of instatement, compensatory and punitive damages and/or nominal damages, declaratory and injunctive relief, attorney's fees, costs and expenses.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ ***Candis A. McGowan***
Candis A. McGowan
Lacey K. Danley
Counsel for the Plaintiff
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
cmcgowan@wigginschilds.com
ldanley@wigginschilds.com

**DEFENDANT'S ADDRESS:**
To be Served via certified mail
Austal USA, LLC
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104